United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40903
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL KARRIEM SHABAZZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-202-ALL-RC
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Emmanuel Karriem Shabazz pleaded guilty to possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1). He was sentenced to 135 months of imprisonment and five years of supervised release. Shabazz now appeals, challenging only his sentence.

Citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Shabazz argues that the district court erred when it enhanced his offense level by two pursuant to U.S.S.G. § 2D1.1(b)(1) based on a preponderance finding that Shabazz possessed a weapon in connection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the offense.  In light of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738, 756 (2005), the judicially determined enhancement, made under a mandatory guideline regime, violated Shabazz's Sixth Amendment right to a trial by jury.

When, as here, a defendant has preserved a Booker issue in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Mares, 402, 511, 520 n.9 (5th Cir. 2005).  We conclude that, were we to review Shabazz's sentence for harmless error, we would hold that the government has not met its burden of demonstrating beyond a reasonable doubt that the mandatory nature of the guidelines did not contribute to the sentence imposed.  See United States v. Akpan, __F.3d__, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. Apr. 14, 2005).  Accordingly, we vacate Shabazz's sentence and remand for resentencing.  See id.

SENTENCE VACATED; REMANDED FOR RESENTENCING.